**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 2, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

GABRIEL M. ROBLES; BONNIE
ROBLES,

        Plaintiffs - Appellants,

v.

RMS MANAGEMENT SOLUTIONS,
LLC; FNU BERRY, Shawnee County
Court Judge, Third Judicial District,
Small Claims/Limited Actions,

        Defendants - Appellees.

No. 14-3028
(D.C. No. 5:13-CV-04100-KHV-KGS)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **GORSUCH**, **MURPHY**, and **HOLMES**, Circuit Judges.

        After a Shawnee County judge sided with RMS Management Solutions and

entered a judgment evicting Gabriel and Bonnie Robles from their home, the

Robles brought suit in federal court.  In their complaint, the Robles alleged that

the judge refused to hear their counterclaims or certify their appeal because he

---

        [*] After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G).  The case is therefore ordered submitted without oral argument.  This
order and judgment is not binding precedent except under the doctrines of law of
the case, res judicata, and collateral estoppel.  It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

was conspiring with RMS. Citing the *Rooker-Feldman* doctrine, the district court dismissed their claims for lack of subject matter jurisdiction.

The Robles appeal this result but we see no way in which we might reverse. The *Rooker-Feldman* doctrine "precludes federal district courts from effectively exercising appellate jurisdiction over . . . claims inextricably intertwined with a prior state-court judgment." *Mo's Express, LLC v. Sopkin*, 441 F.3d 1229, 1233 (10th Cir. 2006) (internal quotation marks omitted); *see also D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). The Robles don't dispute that, but for the judgment in state court, they would have no federal case or that they effectively want a federal district court to review and revise a state court judgment.

Instead, the Robles claim that the district court erred because it placed the *Rooker-Feldman* doctrine "before and above the Constitution" because Article III, Section 2 indicates that the federal judicial power extends to cases presenting a federal question and theirs does. But while the Constitution extends federal judicial power to cases presenting federal questions, that doesn't mean *every* federal question case must be presented in federal court or that every federal district court is authorized to entertain appeals from state court decisions touching on federal questions. The fact is that, at least generally speaking, the Supreme Court is the only federal court currently authorized to hear appeals from final state court judgments deciding federal questions. *See Mo's Express*, 441 F.3d at

2

1233-34; 28 U.S.C. § 1257(a).  No exception to that rule exists here.

The district court's dismissal of the Robles' claims is affirmed.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge